DUNCAN S. McDOUGALD *vs.* JOSEPH W. CAPRON.

A bond for the conveyance of land upon the performance of certain conditions does not give the obligee a sufficient title to enable him to maintain a bill in equity against a mortgagee for the redemption of a prior mortgage thereon.

BILL IN EQUITY filed on the 28th of July 1855 to redeem land from a mortgage made to the defendant by William C. Kent and David D. Kent. The plaintiff's only interest in the premises was by virtue of a bond made to him by the mortgagors since said mortgage, and conditioned to convey the land to him upon his paying the obligors certain sums of money at certain times, and paying or satisfying this defendant for the amount due on this mortgage, and all taxes to be assessed upon the property. The defendant denied that the plaintiff had fulfilled his part of the conditions of the bond; and also contended that, if he had, he could not maintain this bill, because no conveyance of the premises, or of the equity of redemption therein, had ever been made to him. *Bigelow,* J. reported this preliminary question for the consideration of the full court; the parties agreeing that if the bill could be sustained on this point, a

trial should be had on the questions of fact involved in the case; if not, the bill should be dismissed.

*C. B. Farnsworth,* for the plaintiff, cited 4 Kent Com. (6th ed.) 162; 1 Hilliard on Mortg. (1st ed.) 247, 248; Coote on Mortg. 539; *Lowry* v. *Tew,* 3 Barb. Ch. 407; *Haymer* v. *Haymer,* 2 Vent. 343; *Acton* v. *Peirce,* 2 Vern. 480; *Stonehewer* v. *Thompson,* 2 Atk. 440; 2 Story on Eq. § 1023.

*E. H. Bennett,* for the defendant, cited *Lomax* v. *Bird,* 1 Vern. 182; *Grant* v. *Duane,* 9 Johns. 612; *Porter* v. *Read,* 19 Maine, 363; *Boarman* v. *Catlett,* 13 Sm. & Marsh. 149; 2 Story on Eq. § 1023.

By THE COURT. The power of the court to entertain jurisdiction of bills in equity to redeem mortgaged estates is derived from the Rev Sts. *c.* 107, §§ 13, 18 *& seq.,* and is confined to bills brought by " the mortgagor, or any person lawfully claiming or holding under him." This does not include suits brought by those having only an equitable title to the right of redemption, or claiming it merely under contracts of purchase, but is intended to comprehend only those which are brought by the mortgagor, or by a person to whom his legal title has been transferred by deed, or by operation of law.                *Bill dismissed*